UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DANIEL GABINO MARTINEZ, et al.,<br><br>Plaintiffs,<br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | Case No. 3:13-cv-00554-MMD-VPC<br><br>ORDER |

## I. SUMMARY

Before the Court is "Plaintiffs' Motion for Reconsideration of Minute Order in Chambers Doc. #17 and Doc #20" (dkt. no. 22), Defendant's Motion to Dismiss (dkt. no. 30), "Plaintiffs' Motion for Notice and Order to Show Cause Under Federal Rules of Criminal Procedure Rule 42(a)(1)(2)(3)" (dkt. no. 29), and "Plaintiffs' Amended Motion for Notice and Order to Show Cause Under Federal Rules of Criminal Procedure Rule 42(a)(1)(2)(3)" (dkt. no. 34). For the reasons set forth below, the Motion for Reconsideration is denied, the Motion to Dismiss is denied, and the motions for orders to show cause are denied.

## II. BACKGROUND

Plaintiffs Daniel Gabino Martinez, Ramona Hage Morrison, and Dalton Warren Wilson, appearing pro se, allege that they filed a "grazing application" with the Bureau of Land Management ("BLM") on April 25, 2013, seeking a water-based allotment pursuant to the Taylor Grazing Act. (See dkt. no. 1 ¶ 4.3.) Plaintiffs allege that as of the date they filed the Complaint, they had not received an answer to their "grazing application." (See

*id.*) As a result, Plaintiffs ask this Court to review the agency's action and/or inaction and seek declaratory judgment and equitable relief. (*See id.* at 1.)

Defendant claims that BLM responded to Plaintiffs' application on March 14, 2014. (*See* dkt. no. 30 at 3.) The response identified several deficiencies in the materials that Plaintiffs submitted, including incomplete information and Plaintiffs' use of invalid BLM forms. (*See id.*) Defendant states that the response described what information was missing and provided the name and telephone number of the BLM employee who could be contacted with any questions about the application process. (*See id.* at 4.)

### III. MOTION FOR RECONSIDERATION

#### A. Legal Standard

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); L.R. IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). "This subsection would also enable the court to delegate some of the more administrative functions to a magistrate, such as . . . assistance in the preparation of plans to achieve prompt disposition of cases in the court." *Gomez v. United States*, 490 U.S. 858, 869 (1989). "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted). A magistrate's pretrial order issued under 28 U.S.C. § 636(b)(1)(A) is not subject to *de novo* review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

///

///

B. **Analysis**

On January 13, 2014, Magistrate Judge Valerie P. Cooke granted Defendant's Motion to Strike Plaintiffs' Response to Defendant's Answer to the Complaint (dkt. no. 9) pursuant to Federal Rule of Civil Procedure 7. (Dkt. no. 17.) On January 16, 2014, Magistrate Judge Cooke denied Plaintiffs' motion to disqualify opposing counsel (dkt. no. 14). (Dkt. no. 20.) Plaintiffs' objection to both motions was timely filed. (Dkt. no. 22.)

After reviewing Magistrate Judge Cooke's Orders, Defendant's response to Plaintiffs' Motion (dkt. no. 24), and Plaintiffs' reply (dkt. no. 25), the Court determines that Judge Cooke's Orders (dkt. nos. 17, 20) were not clearly erroneous or contrary to law. Plaintiffs' Motion for Reconsideration is therefore denied.

## IV. MOTION TO DISMISS

The United States argues that Plaintiffs' Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) as Plaintiffs have failed to state a viable claim for relief under the APA or the Declaratory Judgment Act.

Plaintiffs filed suit on October 3, 2013 (dkt. no. 1), and the United States answered on November 29, 2013 (dkt. no. 6). On May 1, 2014, more than five (5) months after filing its Answer, the United States filed a Motion to Dismiss pursuant to Rule 12(b)(6). (Dkt. no. 30.)

A motion under Rule 12(b) "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). When a motion to dismiss under Rule 12(b) is filed after the answer, it is deemed untimely. Despite Defendant's suggestion in its Reply (*see* dkt. no. 38 at 2), a Court need not construe an untimely 12(b)(6) motion as a motion for judgment on the pleadings pursuant to Rule 12(c). It is within the discretion of the court to deny the motion. *See, e.g., Aetna Life Ins. Co. v. Alla Medical Services, Inc.*, 855 F.2d 1470, 1474 (9th Cir.1988). As Defendant's Motion is procedurally improper, the Court declines to reach the merits.

///

///

3

## V. MOTIONS FOR ORDER TO SHOW CAUSE

Plaintiffs filed a motion for order to show cause on April 25, 2014 (dkt. no. 29), and a nearly identical amended motion for order to show cause on May 7, 2014 (dkt. no. 34). Plaintiffs seek an order from this Court requiring Greg Addington, government counsel, and Leon Thomas, BLM Field Manager, to appear at a show cause hearing to determine "why they should not be formally charged for misbehavior in the presence of or so near thereto as to obstruct the administration of Justice; misbehavior of its officers in their official transactional and resistance to the courts lawful rules and process." (Dkt. no. 34 at 2.)

The motions themselves do not explain to the Court their basis. Attached to each motion appears to be a criminal complaint drafted by Plaintiffs in which Plaintiffs allege that Greg Addington and Leon Thomas have made a number of false statements and obstructed justice on a number of occasions, including at two case management conferences in this case. As Plaintiffs' motions are supported by no factual or legal basis, the motions are denied.

## VI. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motions.

It is therefore ordered that Plaintiffs' Motion for Reconsideration (dkt. no. 22) is denied.

It is further ordered that Defendant's Motion to Dismiss (dkt. no. 30) is denied.

It is further ordered that Plaintiffs' motions for an order to show cause (dkt. nos. 29, 34) are denied.

DATED THIS 22nd day of May 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE