UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DANIEL GABINO MARTINEZ, et al., | Case No. 3:13-cv-00554-MMD-VPC |
| Plaintiffs, | ORDER |
| v. | (Def.'s Motion for Judgment on the Pleadings - Dkt. No. 40). |
| THE UNITED STATES, | |
| Defendant. | |

**I.    SUMMARY**

Before the Court is Defendant's Motion for Judgment on the Pleadings ("Motion"). (Dkt. no. 40.) For the reasons set forth below, the Motion is granted.

**II.    BACKGROUND**

Plaintiffs Daniel Gabino Martinez, Ramona Hage Morrison, and Dalton Warren Wilson, appearing pro se, allege that they filed a Grazing Application with the Bureau of Land Management ("BLM") on April 25, 2013, seeking a water-based allotment pursuant to the Taylor Grazing Act. (*See* dkt. no. 1 ¶ 4.3.)  Plaintiffs allege that as of the date they filed the Complaint, they had not received an answer to their Grazing Application. (*See id.*)  As a result, Plaintiffs ask this Court to review the agency's action and/or inaction and seek declaratory judgment and equitable relief. (*See id.* at 1.)

**III.    DISCUSSION**

    **A.    Legal Standard**

A Rule 12(c) motion for judgment on the pleadings utilizes the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be

granted in that it may only be granted when it is clear to the Court that "no relief could be granted under any set of facts that could be proven consistent with the allegations." *McGlinchy v. Shull Chem. Co.*, 845 F.2d 802 (9th Cir. 1988) (citations omitted). Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the Court must accept as true the well-pled facts in a complaint, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper [Rule 12(b)(6)] motion. *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

### B.     Analysis

The gist of Plaintiffs' Complaint is that BLM has engaged in unreasonable delay or failed to act on Plaintiffs' Grazing Application. (Dkt. no. 1 at 1 & ¶ 1.5.)  Plaintiffs thus seek to compel BLM to act on their Grazing Application under the Administrative Procedure Act ("APA"), 5 U.S.C § 706(1).  The APA provides for suits to be filed by any person "adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702. Plaintiffs essentially contend that the challenged agency action is BLM's alleged "failure to act" as defined in 5 U.S.C. § 551(13.)  Section

706(1) of the APA grants federal courts the power to "compel agency action unlawfully withheld or unreasonably delayed."

In *Norton v. S. Utah Wilderness Alliance,* the Supreme Court explained the contours of section 706(1). The Court held that the definition of "failure to act" is "a failure to take an *agency action* — that is, a failure to take one of the agency actions (including their equivalents) [] defined in § 551(13)," which lists five categories of agency action: "agency rule, order, license, sanction or relief." 542 U.S. 55, 62-63 (2004). The Court also found that under the APA, an agency can only be compelled to act if "action is legally *required*." *Id.* at 63. "Thus, a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Id.* at 64.

Plaintiffs assert that the Secretary engaged in an unreasonable delay by failing to act upon their Grazing Application. (*See* dkt. no. 1, ¶ 1.5.)  Plaintiffs presumably filed their Grazing Application pursuant to the Taylor Grazing Act ("the Act"). The Act provides that "[t]he Secretary of the Interior is *authorized* to issue or cause to be issued permits to graze livestock" 43 U.S.C. § 315b (2014) (emphasis added). However, the Act is a permissive statute; "[d]iscretinary action under a permissive type statute is exempted from judicial review under the Administrative Procedure Act." *Mollohan v. Gray*, 413 F.2d 349, 351 (9th Cir. 1969).  Under the Act, the Secretary of the Interior "is authorized, but not required to issue or cause to be issued grazing permits to such persons as under his rules and regulations are entitled to participate in the use of the range." *Id.* at 352 (internal quotation marks omitted). Thus, the issuance or non-issuance of a grazing permit under the Act "is committed to agency discretion" and "is exempted from judicial review." *Id.* at 352.  Moreover, BLM's delay on Plaintiff's Grazing Application cannot be unreasonable when BLM has discretion under the Act whether to issue a permit on Plaintiffs' Grazing Application. *See Norton*, 542 U.S. at 63. This Court thus lacks jurisdiction under the APA to order BLM to act on Plaintiffs' Grazing Application. *Id.* at 352.

## IV. CONCLUSION

It is therefore ordered that Defendant's Motion for Judgment on the Pleadings (dkt. no. 40) is granted. Judgment shall be entered in favor of Defendant. The Clerk is directed to close this case.

DATED THIS 21st day of October 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE